The opinion of the court, which states the whole case and the contents of the bills of exceptions, was delivered by
Gibson, J.
In ejectments by the purchasers of unseated lands, sold for taxes under the act of the 3d of April, 1804, the courts have uniformly required proof, according to the common law rules of evidence, that every thing had been done which that act requires, to divest the title of the owner. Although, in the absence of legislative provision, this was inevitable, it produced great hardship and inconvenience. Irregularity in matters of form, crept into the proceedings of the county commissioners; or when there had been an observance of even the most minute details, it was nearly impossible to perpetuate the evidence of the facts, or, as the burthen of proving them lay on the purchaser, to show a title on which he might recover. So that a notion at length prevailed that a valid title could not be made under a commissioner’s *209 deed; and the owners of these lands consequently neglected to look after them or pay taxes for them. The legislature interposed from' time to time, and have at length succeeded in placing the matter On just ground as regards the owner, and in providing an effectual remedy for the purchaser, in the provisions of the fourth section of the act of the 13th of March, 1815, by which a right to redeem within two years from the sale is given to the owner, in default of which a title valid and free from all defects becomes vested in the purchaser, provided a tax was due for the land and unpaid at the time of the sale: unfortunately the proceedings and sale in the case before us were under the act of 1804, and are therefore to be tested by strict principles.
The plaintiff began his case by offering in evidence several documents and papers, which were rejected and included in a single bill of exceptions, to the several parts of which I shall advert.
The first document was the minute book of the commissioners of Allegheny county, containing an éntry of the names of the assessors of Pine township for 1802 and 1803 ; and the names of the assessors of Ohio township for 1804. This was accompanied by the evidence of the clerk, that he had examined the files without being able to find any returns of the election of assessors, or any oaths of assessors for those years. This evidence, which was intended to make way for the assessment, by showing that the persons by whom it was made had authority, was incompetent, because it was not the best evidence of which the nature of the case was susceptible. The election returns should have been produced or their existence proved and their absence accounted for. The evidence showed only that the persons who made the assessment were recognized as officers by the commissioners, and that they acted as such. But will it be pretended that such an assessment would be valid, or that a sale under it would confer any right. An assessment by persons neither elected nor sworn would be an assessment not by officers de facto, but by intruders who came in without even colour of authority.
The plaintiff also offered the return of assessment of Pine township for 1802, together with the evidence of John Fowler, who testified that he acted as the assessor of that township for that year; that he made the assessment and entered it in this book, which the commissioners afterwards accepted from him as the acting assessor of the township; and that his warrant from the commissioners, was still in his possession, but that he had left it at his own house. Exactly the same offer, accompanied with the same parol evidence, was made in respect of the assessment of that township for 1803 ; and the assessment of Ohio township was offered for 1804; and in addition the books of the commissioners were offered containing entries transcribed from the foregoing assessments. It is obvious all these depended on a single principle which is similar to the one I have already stated: they were *210 incompetent because it did not appear that the assessments were made by persons having authority.
The plaintiff further offered the warrant of the commissioners to the sheriff for the sale of unseated lands. After what has already been said, it is unnecessary to remark on this part of the case. The principles of evidence applicable to sales under the act of 1804, have long been settled, and it has constantly been held that the plaintiff must, step by step, show the regularity of the proceedings from the assessment to the sale, and that if a link in the chain of his evidence be wanting he cannot recover. So generally has this been understood that this sort of title has been abandoned, and the only instances of ejectments for lands purchased at commissioners’ sale, have been founded on sales made pursuant to subsequent acts. The plaintiff’s title may ha.ve been originally a good one, but from its very nature, the evidence of it could scarcely be expected to be preserved. This is a misfortune, and it is one which a court of justice cannot repair. We are bound to pronounce the law as we find it; and taking the case as it appears on the face of this bill of exceptions, we are of opinion that the judgment be affirmed.
Judgment affirmed.